PETER KMETO
Attorney at Law
State Bar #78827
1007 Seventh Street, Suite 201
Sacramento, CA 95814
(916) 444-7420; FAX: (916) 914-2357
email: pkmeto@sbcglobal.net

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>BRANDEN ADAM EIDSON,<br><br>          Defendant. | Case No. 1:15-cr-00085 AWI-BAM<br><br><br>STIPULATION AND ORDER<br>CONTINUING STATUS<br>CONFERENCE DATE |

Defendant: BRANDEN ADAM EIDSON, through his attorney, PETER

KMETO, and the United States of America, through its counsel of record, GRANT B.

RABENN, stipulate and agree to the following:

1. The presently scheduled Status Conference date of July 27, 2015 shall

be vacated, and said Hearing be rescheduled for September 28, 2015 at 1:00 p.m. for

further status.

2. Time will be excluded under Local Rule T4.

3. The parties agree and stipulate, and request that the Court find the

following:

a.     The government has provided Defense Counsel with 1,494

pages of discovery associated with this case which includes: investigative summaries;

investigative reports; and, related documents in electronic form which is quite voluminous.

b. It is anticipated that within the month additional discovery will be provided to Defense counsel thereby requiring more time to review same;

c. Defense counsel recently completed a state homicide case which trial denied him the opportunity to completely review  previously provided discovery.

d. The parties desire additional time for: the defense to complete evaluation of the case; and, thereafter, for the parties to engage in settlement negotiations;

e. Counsel for the Defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f.  The government joins the request for  the continuance.

g.  Based on the above-stated findings, the ends of justice served by continuing the case as requested, outweigh the interest of the public and the Defendant in a trial within the original date prescribed by the Speedy Trial Act.

h.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 27, 2015 to September 28, 2015, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action, outweigh the best interest of the public and the Defendant's in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.


IT IS SO STIPULATED.

Dated: _July 21 , 2015_          /s/ GRANT B. RABENN
                                 Assistant US Attorney
                                 for the Government



Dated: _July 21, 2015_          /s/ PETER KMETO
                                 Attorney for Defendant
                                 BRANDEN ADAM EIDSON


## ORDER

UPON GOOD CAUSE SHOWN and the stipulation of the two parties IT IS ORDERED that the STATUS CONFERNCE HEARING FOR Defendant, BRANDEN ADAM EIDSON, be continued from July 27, 2015 to **September 28, 2015 at 1:00 PM** before Judge McAuliffe, as set forth above.


IT IS FURTHER ORDERED that the time from, July 27, 2015 to September 28, 2015 inclusive, is excluded under 18 U.S.C. § 3161(h)(7)(A).  The delay in the proceedings is warranted because defense counsel needs time to review the substantial discovery provided by the government, and needs time to negotiate a possible disposition with the government.  Defense counsel needs to conduct in-person meetings with defendant in order to discuss the facts of this case and advise his client

as to how to proceed, and to communicate with government counsel.  Continuing the Status Conference hearing date for an additional period of time would allow defense counsel reasonable time to undertake these tasks.  This Court, therefore,  finds that the failure to grant a continuance of the case would "deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).  Accordingly, this Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

It is so Ordered….

Date: 7/22/2015                                    /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE