PETER KMETO
Attorney at Law
State Bar #78827
1007 Seventh Street, Suite 201
Sacramento, CA 95814
(916) 444-7420; FAX: (916) 914-2357
email: pkmeto@sbcglobal.net

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BRANDEN ADAM EIDSON,<br><br>　　　　　Defendant. | Case No. 1:15-cr-00085 AWI-BAM<br><br>STIPULATION AND ORDER CONTINUING STATUS CONFERENCE DATE |

　　　　Defendant: BRANDEN ADAM EIDSON, through his attorney, PETER KMETO, and the United States of America, through its counsel of record, GRANT B. RABENN, stipulate and agree to the following:

　　　　1. The presently scheduled Status Conference date of September 28, 2015 shall be vacated, and said Hearing be rescheduled for December 14, 2015 at 1:00 p.m. for further status and plea.

　　　　2. Time will be excluded under Local Rule T4.

　　　　3. The parties agree and stipulate, and request that the Court find the following:

　　　　　　a.　　The government has provided Defense Counsel with 1,494 pages of discovery associated with this case which includes: investigative summaries;

investigative reports; and, related documents in electronic form which is quite voluminous.

b. The discovery has been reviewed by the defense and the parties are currently engaged in meaningful settlement negotiations.

c. The parties require additional time for settlement negotiations;

d. Counsel for the Defendant will not be available for an October 26, 2015 date and Counsel for the Government will not be available during the month of November.

e. Counsel for the Defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective settlement negotiation, taking into account the exercise of due diligence.

f. The government joins the request for the continuance.

g. Based on the above-stated findings, the ends of justice served by continuing the case as requested, outweigh the interest of the public and the Defendant in a trial within the original date prescribed by the Speedy Trial Act.

h. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 28, 2015 to December 14, 2015, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action, outweigh the best interest of the public and the Defendant's in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that

other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: September 21 , 2015     /s/ GRANT B. RABENN
                               Assistant US Attorney
                               for the Government

Dated: September 21, 2015      /s/ PETER KMETO
                               Attorney for Defendant
                               BRANDEN ADAM EIDSON

## **ORDER**

UPON GOOD CAUSE SHOWN and the stipulation of the two parties IT IS ORDERED that the 1st STATUS CONFERNCE HEARING FOR Defendant, BRANDEN ADAM EIDSON, is continued from September 28, 2015 to December 14, 2015 at 1:00 PM before Judge McAuliffe.

IT IS FURTHER ORDERED that the time from, September 28, 2015 to December 14, 2015 inclusive, is excluded under 18 U.S.C. § 3161(h)(7)(A). The delay in the proceedings is warranted because defense counsel needs time to negotiate a disposition with the government. Defense counsel needs to conduct in-person meetings with defendant in order to discuss the plea negotiations and advise his client as to how to proceed, and to communicate with government counsel. Continuing the Status Conference hearing date for an additional period of time would allow defense counsel reasonable time to undertake these tasks. This Court, therefore, finds that the failure to

grant a continuance of the case would "deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv) [Local Code T4].  Accordingly, this Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

IT IS SO ORDERED.

Dated:   **September 21, 2015**                    /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE