PETER KMETO
Attorney at Law
State Bar #78827
1007 Seventh Street, Suite 201
Sacramento, CA 95814
(916) 444-7420; FAX: (916) 914-2357
email: pkmeto@sbcglobal.net

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:15-cr-00085 AWI-BAM |
|---|---|
| Plaintiff, | |
| vs. | AMENDED STIPULATION AND ORDER CONTINUING STATUS CONFERENCE DATE |
| BRANDEN ADAM EIDSON, | |
| Defendant. | |

Defendant: BRANDEN ADAM EIDSON, through his attorney, PETER KMETO, and the United States of America, through its counsel of record, GRANT B. RABENN, stipulate and agree to the following:

1. The presently scheduled Status Conference date of September 28, 2015 shall be vacated, and said Hearing be rescheduled for December 14, 2015 at 1:00 p.m. for further status and plea.

2. Time will be excluded under Local Rule T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a.    The government has provided Defense Counsel with 1,494 pages of discovery associated with this case which includes: investigative summaries; investigative reports; and, related documents in electronic form which is quite voluminous.

b. The discovery has been reviewed by defense counsel and the parties are currently engaged in meaningful settlement negotiations.

c. The Defense requires additional time for case preparation and settlement negotiations in that defense counsel will need to review the voluminous discovery with the Defendant and counsel him as to its implications as it relates to trial versus entering a negotiated plea;

d. Counsel for the Defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effectively advising his client as to the quantum and nature of the evidence and, thereafter, advising his client as to advisability of settlement negotiation, taking into account the exercise of due diligence.

e. The government joins the request for the continuance.

f. Based on the above-stated findings, the ends of justice served by continuing the case as requested, outweigh the interest of the public and the Defendant in a trial within the original date prescribed by the Speedy Trial Act.

g. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 28, 2015 to December 14, 2015, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action, outweigh the best interest of the public and the Defendant's in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: September 23 , 2015    /s/ GRANT B. RABENN
                              Assistant US Attorney
                              for the Government

Dated: September 23, 2015     /s/ PETER KMETO
                              Attorney for Defendant
                              BRANDEN ADAM EIDSON

## ORDER

UPON GOOD CAUSE SHOWN and the stipulation of the two parties IT IS ORDERED that the FIRST STATUS CONFERNCE HEARING FOR Defendant, BRANDEN ADAM EIDSON, be continued from September 28, 2015 to December 14, 2015, at 1:00 PM before Judge McAuliffe, as set forth above.

IT IS FURTHER ORDERED that the time from, September 28, 2015 to December 14, 2015 inclusive, is excluded under 18 U.S.C. § 3161(h)(7)(A).  The delay in the proceedings is warranted because defense counsel needs time to negotiate a disposition with the government.  Defense counsel also needs to conduct in-person meetings with defendant in order to discuss the nature and quantum of evidence set forth in the discovery provided by the government and, thereafter, discuss the plea negotiations and advise his client as to how to proceed, and to communicate with government counsel.  Continuing the Status Conference hearing date for an additional period of time would allow defense counsel reasonable time to undertake these tasks.  This Court, therefore, finds that the failure to grant a continuance of the case would "deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv)

[Local Code T4].  Accordingly, this Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

        IT IS SO ORDERED.

Dated:   **September 23, 2015**　　　　　　　　　/s/ Barbara A. McAuliffe  
                                                     UNITED STATES MAGISTRATE JUDGE